## State v. Johnson
*[Cite as 2 AOA 525]*

*Case No. 89AP-544*
*Franklin County, (10th)*
*Decided March 6, 1990*

*Mr. James Kura, Public Defender, and Mr. Allen V. Adair, for appellant.*

*Mr. Michael Miller, Prosecuting Attorney, and Ms. Joyce S. Anderson, for appellee.*

RADCLIFFEE, J.

This is an appeal by defendant from the judgment of the Franklin County Court of Common Pleas, finding defendant guilty on one count of aggravated robbery in violation of R.C. 2911.01. Defendant was also found guilty of a specification in the count which alleged a prior conviction.

Dr. Allan Parks was accosted on the evening of December 26, 1988 in the parking lot of a shopping center located at the intersection of Hamilton and Morrison Roads in Franklin County. As Dr. Parks was returning to his automobile, a man passed to his left and then approached him from behind. Upon hearing a click, Dr. Parks turned, saw a knife in the man's hand, and was told to produce his wallet. After taking $500 in cash from the wallet, the assailant told Dr. Parks not to look at the license plate of a white Pontiac Firebird in which the man drove away alone. Despite this admonition, Dr. Parks recorded the license plate number and immediately drove home, called the police and provided a description of the robber and license plate number. When Dr. Parks arrived at the police station to complete a police report, he was informed that a suspect was in custody and was shown defendant, Herman Johnson, who was being detained in a holding cell. Dr. Parks affirmatively identified defendant as the man who robbed him earlier.

Defendant's detention was the result of his apprehension earlier in the evening by Gahanna police. Upon receiving a report of the Parks' robbery, a police officer on patrol duty in the area spotted a car which matched Dr. Parks description. Although, the vehicle initially fled the officer, the driver lost control and was subsequently apprehended. The driver was identified as defendant. A search of both defendant and a passenger in the automobile and the area surrounding the vehicle, failed to reveal either a knife or the $500 taken from Dr. Parks.

Defendant was indicted on one count of aggravated robbery in contravention of R.C. 2911.01, along with a specification of a prior conviction pursuant to R.C. 2941.142. Before trial, defendant moved to suppress his identification for the reason that it was overly suggestive under the facts. The trial court overruled the motion and trial commenced on March 20, 1989, with the aggravated robbery charge being tried to the jury and the specification being tried to the court.

At the close of the evidence, the jury returned a verdict of guilty on the aggravated robbery charge and the trial court found defendant guilty on the specification. The court imposed a sentence of twelve to twenty-five years of incarceration.

Defendant now appeals and sets forth the following assignments of error:

"I. The trial court erroneously overruled defendant's motion to suppress identification.

"II. The court erroneously allowed the prosecutor to inquire into the victim's previous experience as a victim of crime. Such inquiry was irrelevant and the witness' unexpected response was highly prejudicial.

"III. Appellant's conviction was not supported by the evidence."

Under his first assignment of error, defendant maintains that the trial court erred in overruling his motion to suppress the out-of-

court identification for the reason the method employed to identify defendant was overly suggestive so as to deny defendant due process of law as guaranteed by the Fourteenth Amendment to the United States Constitution. More particularly, defendant asserts that the procedure utilized by the Gahanna police department was impermissibly suggestive since Dr. Parks was informed by the police, on two accessions, that they had a suspect in custody who the police believed was his assailant; that the one-on-one show-up utilized by the Gahanna police was inherently suggestive; and that Dr. Parks' ability to correctly perceive his assailant at the time of the robbery was limited due to poor lighting, the short duration of confrontation, and Dr. Parks' failure to mention a prominent birthmark on the right side of defendant's face.

Generally, an identification, which is obtained via an unnecessarily suggestive procedure, will not be suppressed if the identification is nevertheless reliable under the circumstances. *Manson* v. *Brathwaite* (1977), 442 U.S. 98. The factors to be considered in assessing the reliability of an identification include the witness' opportunity to view the alleged criminal at the time of the crime, the witness' degree of attention, the accuracy of the witness' description prior to the identification, the witness' certainty in making the identification, and the length of time between the crime and confrontation. *Neil* v. *Biggers* (1972), 409 U.S. 188, 199-200.

Clearly, contrary to the state's position, the procedure utilized in this case was suggestive. The procedure utilized involved a one-on-one confrontation at the police station; defendant was the only suspect being detained in the holding cell; defendant was being held by a police officer at the time of the confrontation; and Dr. Parks was told by the police that they believed defendant was his assailant. Moreover, utilization of the show-up procedure in this case was unnecessary since there was no reason offered by the state why a less suggestive method was unavailable. Despite the suggestiveness of the identification procedure utilized, however, Dr. Parks' identification of defendant was nevertheless reliable under the circumstances.

Dr. Parks testified that he observed defendant at the time of the crime for approximately one to two minutes from a distance of ten to twelve inches in the parking lot which was dimly lit. Although Dr. Parks'

attention to his assailant's features was diverted by the presence of the knife, Dr. Parks' description of the assailant very accurately described defendant's features. While the presence of a birthmark on defendant's right cheek was not mentioned by Dr. Parks' identification of defendant was based on a left profile observation and upon the sound of defendant's voice. Dr. Parks indicated that he was very certain defendant was his assailant. Finally, the length of time between the crime and confrontation was short approximately an hour and fifteen minutes. Given these factors, this court cannot conclude that Dr. Parks' identification of defendant was unreliable under all the circumstances so as to deny defendant due process.

Defendant's first assignment of error is not well-taken.

Under his second assignment of error, defendant contends that

the trial court erroneously permitted the state to question, on direct exam, Dr. Parks regarding his prior experience as a robbery victim. Defendant contends that, to the extent the state's inquiry was to establish the reliability of Dr. Parks' identification, such inquiry on direct examination was irrelevant since the reliability of his identification had not yet been put into issue. It is defendant's position that this error was compounded by one of Dr. Parks' responses to the line of questioning. Specifically, when Dr. Parks was asked whether it was defendant who had previously victimized Dr. Parks, Dr. Parks responded "I don't think so. I couldn't say for sure."

This court concludes that the admission of Dr. Parks' testimony regarding his prior experience as a robbery victim was erroneous. Contrary to state position, the mere fact that Dr. Parks had been robbed previously did not make it more or less probable that defendant robbed Dr. Parks on December 26, 1988. Even if defendant had attempted to attack the reliability of Dr. Parks' identification of defendant and his assailant, there is no evidence in this record which demonstrates why Dr. Parks' prior experience as a robbery victim would tend to enhance the reliability of his identification of defendant in this case. As such, the trial court erred when it failed to exclude the testimony of Dr. Parks regarding his prior experience as a robbery victim.

Additionally, Dr. Parks' testimony regarding his prior experience as a victim of a robbery was potentially very prejudicial.

Specifically, the testimony regarding his prior experience as a robbery victim suggests an improper basis - sympathy - for the jury to return a verdict of guilty. Finally, the potential for such prejudice in this case was heightened by Dr. Parks' response which indicated that defendant could have been the perpetrator of the prior offense.

Upon review of the remaining evidence of defendant's guilt adduced by the state, this court cannot conclude that the error was harmless beyond a reasonable doubt. To be harmless beyond a reasonable doubt, there must no be reasonable possibility that erroneously admitted evidence might have contributed to defendant's conviction. *State* v. *Bayless* (1976), 48 Ohio St. 2d 73, paragraph seven of the syllabus, vacated in part on other grounds *Bayless* v. *Ohio* (1978), 438 U.S. 911. Since defendant's identify as Dr. Parks' assailant was the primary issue in this case, the suggestion to the jury to find defendant guilty out of sympathy for Dr. Parks or because defendant "might" have been the assailant in Dr. Parks' earlier robbery was improper. While there was substantial evidence that defendant in fact robbed Dr. Parks on December 26, 1988, this court cannot fairly conclude that the erroneous testimony did not contribute to the finding of guilt.

Defendant next contends, as his third assignment of error, that his conviction was premised upon insufficient evidence. The essence of this assignment of error is that the state failed to establish beyond a reasonable doubt that Dr. Parks' assailant was defendant. As support for this contention, defendant relies upon the fact that the $500 taken from Dr. Parks was never recovered, that no knife matching that described by Dr. Parks was found that no one saw defendant throw anything from the car while it was being followed, that Dr. Parks reported only one person in defendant's vehicle, whereas defendant was found with a passenger, and that the state's case involved several unexplained time discrepancies.

This court's duty in reviewing a claim that a jury verdict was premised upon insufficient evidence is to review the record to determine whether there was sufficient evidence for the jury to find defendant guilty beyond reasonable doubt. Although defendant attacks the sufficiency of the state's case in establishing his identify as Dr. Parks' assailant, Dr. Parks' testimony, which unequivocally identified defendant as his assailant, is a sufficient

foundation to establish defendant's identify as the perpetrator of the instant crime beyond a reasonable doubt.

Thus, defendant's third assignment of error is not well-taken.

For the foregoing reasons, defendant's first and third assignments of error are overruled, while the second assignment of error is sustained. The judgment of the trial court is reversed and cause remanded consistent with this opinion and in accordance with law.

*Judgment reversed;*
*cause remanded.*

YOUNG and BRYANT, JJ., concur.

RADCLIFFE, J., of the Ross County Court of Common Pleas, sitting by assignment in the Tenth Appellate District.